**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

v.  Case No. 3:19-cr-164-J-20JRK

**GERALD DEVAUGHN MCGEE, JR.**
_____/

## ORDER

**THIS CAUSE** is before the Court on the Magistrate Judge's Report and Recommendation (Dkt. 91) filed on July 9, 2020 addressing Defendant Gerald Devaughn McGee's Motion to Suppress Physical Evidence Seized and to Suppress Statements and Memorandum of Law (Dkt. 24). The Government opposed the Motion (Dkt. 36). Following an evidentiary hearing stretching over the course of four days—November 14, 2019, December 9, 2019, December 17, 2019, and June 23, 2020, the Magistrate recommended that McGee's Motion be denied in its entirety; and specifically:

> denied as to all evidence the Government seeks to introduce at trial (physical evidence (except any cellular phone) seized during the execution of the search warrant on October 21, 2018) and statements made by Defendant on October 21, 2018) and denied as moot as to evidence the Government does not seek to introduce (any seizure or search of a cellular phone).

(Dkt. 91). McGee timely filed his Objections on August 3, 2020 (Dkt. 92); and the Government responded in opposition on August 17, 2020. (Dkt. 96).

The Federal Magistrates Act authorizes a district judge to refer a pretrial motion—including a motion to suppress—to a magistrate judge to hold a hearing, and to prepare and submit a report and recommendation for the disposition of the motion. 28 U.S.C. § 636(b)(1)(B). If an objection is filed to a report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. *See also United States v. Powell,* 628 F. 3d 1254, 1256 (11th Cir. 2010). A district judge is then

permitted to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and *may* "receive further evidence." § 636 (emphasis added). *See also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (citing 28 U.S.C. § 636(b)(1)). A district court may either accept the magistrate judge's findings regarding credibility after reading the record or come to an independent decision after hearing the testimony in person. *Powell*, 628 F. 3d at 1257. In fact, it is an abuse of discretion for the district court to reject the credibility determinations of the magistrate judge without rehearing the evidence at issue personally from the witness. *Id.* at 1256-57. Legal conclusions are reviewed *de novo*. *Cooper-Houston v. Southern Ry. Co.*, 37 F. 3d 603, 604 (11th Cir. 1994).

McGee has set forth four objections to the Magistrate's Report and Recommendation. He objects to: (1) any findings of fact that that deem Detective Michael Kelly's[1] recitation of the events at issue to be credible; (2) the conclusion that there was probable cause for the search of the Broadway address (McGee's residence) due to numerous errors and omissions in the search warrant; (3) the finding that Detective Kelly gave *Miranda* warnings to McGee; and (4) the finding, on page 31 of the Report of the Recommendation (Dkt. 91), as it relates to a "brown bag," when the transcripts of the evidentiary hearing do not mention the word "brown" in relation to the bag.

The Court has conducted an independent review of the parties' filings, the transcripts of the evidentiary hearings, and the evidence taken.[2] Based on that review, the Court agrees with and accepts the Magistrate Judge's findings as to credibility, findings of fact and conclusions of law. McGee's objections lack merit. Specifically, the Court agrees with the Magistrate Judge's conclusions that the mistakes and omissions in the search warrant application, some of which are more troubling than others, do not leave the warrant or the search that followed unsupported by probable cause. Additionally, the warrant contained enough evidence independently corroborating the information provided by the

---

[1] Detective Kelly works for the Putnam County Sheriff's Office and is also assigned to the Drug Enforcement Administration Task Force.

[2] Dkts. 24, 36, 37, 39, 52, 56, 58, 60, 64, 70, 84, 85, 89, 90, 91, 92, 96

Confidential Informant ("CI"). *See Illinois v. Gates*, 462 U.S. 213, 233 (1983); *United States v. Haimowitz*, 706 F. 2d 1549, 1555 (11th Cir. 1983).

The Court also agrees with the Magistrate's findings that Detective Kelly in fact read McGee his *Miranda* warnings and did so in a manner that is in accord with the parameters of *Miranda v. Arizona*, 384 U.S. 436 (1966) and its progeny. McGee waived his rights knowingly, voluntarily and intelligently and made his statements to Detective Kelly voluntarily. The Court also accepts the Magistrate's determinations as to the credibility of the testifying witnesses. *See* Dkt. 91 at n. 5 (citations omitted) (noting that in making the credibility determinations, the Magistrate considered factors, including "the witnesses' demeanor, the consistencies or inconsistencies within the witnesses' testimony, and any interest in the witnesses may have in the outcome of the hearing" and "the specific circumstances leading to any disputed testimony" but not the "official rank or status of the witnesses."). Finally, the Court finds that the color of the bag referenced by the Magistrate in page 31 of the Report and Recommendation was not critical to his finding that there was independent corroboration for the information provided by the CI. *See* Dkts. 91, at page 10; 39-6.

Accordingly, it is hereby **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Dkt. 91) is **ADOPTED**;

2. McGee's Objections (Dkt. 94) are **OVERRULED**;

3. McGee's Motion to Suppress Physical Evidence Seized and Suppress Statements (Dkt. 24) is **DENIED**; and the Motion to Suppress the seizure and search of a cellphone (Dkt. 24) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August, 2020.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

**Copies to**:
Ashley Washington, AUSA
Lisa Call, Esq.

3